**KENDALL S. STONE, ESQ.**
Nevada Bar No. 15337
**PITARO & FUMO, CHTD.**
601 Las Vegas Boulevard, South
Las Vegas, Nevada 89101
Phone (702) 474-7554 Fax (702) 474-4210
Email: kristine.fumolaw@gmail.com
Attorney for KENNETH SMITH

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| vs. | Case No.: 2:21-CR-00279-CDS-EJY |
| **KENNETH SMITH**, | |
| Defendant. | |

**<u>SENTENCING MEMORANDUM</u>**

**COMES NOW** the defendant, **KENNETH SMITH**, by and through his counsel, **KENDALL S. STONE, ESQ.,** and hereby submits this Sentencing Memorandum.

The Sentencing Memorandum is based on the Points and Authorities attached hereto and all the papers and files herein.

**DATED** this 11th day of October 2023.

  /s/ Kendall S. Stone
**Kendall S. Stone, Esq.**
Nevada Bar No. 15337
601 Las Vegas Blvd. South
Las Vegas, Nevada 89101
Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Before the Court is Kenneth Smith, a thirty year old father who has plead guilty to counts one through eight of the Indictment of Illegal Acquisition of a Firearm, in violation of 18 U.S.C. § 922(a)(6) and 924(a)(2) and count nine of the Indictment of Engaging in Business Without a License (firearms) in violation of 18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D).

Mr. Smith is a veteran and dedicated father to his son. Mr. Smith was born in California, where his son still currently resides. Mr. Smith grew up with both his mother and father. Mr. Smith's father remains incredibly supportive of Mr. Smith. His mother, unfortunately, passed away in 2017. Mr. Smith was incredibly close to his mother prior to her passing.

Mr. Smith joined the military at around 20 years old. He served in the military until his honorable discharge in March of 2021. His family noted the instant offense is aberrant behavior for Mr. Smith. Mr. Smith takes full responsibility for his actions in this case. Mr. Smith has prepared a letter for the Court's consideration recognizing the harm of his actions.

### II.

### OBJECTIONS TO THE PRESENTENCE REPORT

There are no formal objections to the PSR.

### III.
### TERMS OF THE NEGOTIATION

The parties agree to jointly recommend the Court sentence the defendant to a sentence of 63 months of imprisonment. In the event that 63 months of imprisonment is outside the advisory guidelines for Mr. Smith, the parties will jointly recommend a request to a variance of 63 months. The parties will jointly recommend the Court impose a term of three years of supervised release.

**IV.**
## SENTENCING CASE LAW

In 2005, the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220, 224, 125 S. Ct. 738, 756 (2005), ruling that those provisions of the federal Sentencing Reform Act of 1984 which make the Sentencing Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or which rely upon the Guidelines mandatory nature, 18 U.S.C. § 3742(e), are incompatible with the Sixth Amendment. Booker, 543 U.S. at 245, 125 S. Ct. at 756-57. The Court severed and excised those provisions, making the Guidelines advisory. *Id.* Instead of being bound by the Guidelines, the Sentencing Reform Act, as revised by Booker, "[r]equires a sentencing court to consider Guidelines ranges, . . . but it permits the court to tailor the sentence in light of other statutory concerns as well." Booker, 543 U.S. at 245, 125 S. Ct. at 757.

Thus, under Booker, sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). The primary directive in § 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors: the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)); the kinds of sentences available including Guidelines sentences (§ 3553(a)(3) and (4)); policy statements issued by the

Sentencing Commission (§ 3553 (a)(5)); the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and, the need to provide restitution to any victims of the offense (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the § 3553(a) factors, the judge is required to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Under 18 U.S.C. § 3661, no limitation shall be placed on the information concerning the background, character, and conduct of the defendant which the sentencing court may receive and consider for the purpose of imposing an appropriate sentence. This statutory language and the holding of Booker certainly override the (now-advisory) policy statements in Part 5H1 of the Guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendants age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See Rita v. United States, 551 U.S. 338, 364-65, 127 S. Ct. 2456, 2473 (2007) (Stevens, J., concurring) ("Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, [and] family ties," are not ordinarily considered under the Guidelines, however the sentencing judge is authorized to consider these factors under § 3553(a)(1)); Gall v. United States, 552 U.S. 38, 52-60, 128 S. Ct. 586, 598-602 (2007) (upholding below Guideline sentence based on individual offender and offense characteristics that Guidelines discourage or prohibit courts from considering, such as defendant's youth and drug use at the time of the offense); Pepper v. United States, 131 S. Ct. 1229, 1241 (2011) ("Although the Guidelines should be the starting point and the initial benchmark," district courts may impose sentences within statutory limits based on appropriate

consideration of all of the factors listed in § 3553.").  The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the Guidelines.  Such an approach would be inconsistent with Booker's rejection of mandatory Guideline sentences as judicial fact-finding and its direction to district courts to consider all of the 3353(a) factors, many of which the Guidelines either reject or ignore.

United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. 2005) (Adelman, J.).

In sum, in every case, a sentencing court must now consider all of the § 3553(a) factors, not just the Guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.  And where the Guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the Guidelines.  See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires a sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within Guideline range).

**VI.**

**APPLICATION OF 18 U.S.C. §3553 SENTENCING FACTORS**

Mr. Smith asks this Court take into consideration the following information when determining what sentence he should receive. He has accepted responsibility for his actions and is prepared to accept any punishment this Honorable Court imposes but asks this Court to take his personal characteristics into consideration. Based on the following, Mr. Smith would request that the Court follow the recommendations of the parties and sentence Mr. Smith to a sentence of 63 months of imprisonment with three years of supervised release to follow.

**1.  Character Letters:**

**A.  April Demarest**

**B. Sharon Boyd**

**C. Kayla Hall**

**D. Efrain Leon**

**2. Familial Support**

Mr. Smith's family, particularly his father, remain supportive of Mr. Smith. When released, Mr. Smith is dedicated to remaining an effective co-parent for his son. Even when in custody, Mr. Smith remains up to date on his son's life and remains in contact with him. Mr. Smith looks forward to his eventual release to continue to parent his son, along with his son's mother who is currently unable to work. Mr. Smith's father provided the photographs attached to this memorandum.

**3. Military Service**

Mr. Smith is a veteran. He served the United States in its military from 2013-2021. In March 2021, he received an honorable discharge. During his service he received the National Defense Service Medal and the Army Service Ribbon.

**4. Mental Health**

Mr. Smith suffers from Post Traumatic Stress Disorder and Major Depressive Disorder. The disorders relate to his time serving the United States in the military. He was officially diagnosed in 2017.  Upon release, Mr. Smith plans to enroll in Veteran's Affairs mental health program.

**5. Minimal Criminal History**

The instant case represents Mr. Smith first conviction beyond a traffic matter.

**6. Defendant's Rehabilitative Efforts and Ability to Contribute to Society**

While in custody, Mr. Smith did complete the Victim Impact Panel.

Mr. Smith has employable skills. Prior to his arrest, Mr. Smith was a member of an electrical union in California. Mr. Smith can reply upon the skills he used as a union member to

find work upon his release. Mr. Smith will have a supportive environment with his father to return to. He has accepted responsibility for his actions and will undoubtedly be a positive influence in our community going forward. If given the opportunity, Mr. Smith will continue to give back to his community and work to rectify the harm he has caused.

### 7. Resources Saved

While Mr. Smith's case was not deemed complex, Mr. Smith's case involved more information and discovery than the typical firearms related case. Through his plea, Mr. Smith saved a considerable amount of Court and Government resources. Mr. Smith's discovery in this case contained documents related to firearms purchases and recoveries over a wide geographical area involving many different individuals. The recoveries were done by a range of law enforcement agencies from persons located in California. Through his plea, Mr. Smith saved considerable resources, leading in part to the sentencing recommendation of 63 months from the parties.

### VII.

### § 3553(a)(2) FACTORS

The requested sentence of 63 months is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide Mr. Smith with time to rehabilitate.

Mr. Smith recognizes that his offense is serious and regrets his actions. The requested sentence will ensure that Mr. Smith is punished adequately and provide general deterrence and protect the public from future crimes. He understands the wrongness of his conduct and that he must pay a price for his actions. He pled guilty and assisted the Government by timely notifying them of his intention to plead guilty. Research has consistently shown that while the certainty of being caught and punished as a deterrent effect, "increases in severity punishments do not yield

significant, if any, marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006). The sentence requested by Mr. Smith is sufficient but not greater than necessary to meet the goals of sentencing set forth at § 3553(a)(2).

### § 3553(a)(3) and (4), the kinds of sentences available

The Court must consider all of the kinds of sentences available. A downward departure of six months sentence is appropriate to this case. See *United States v. Harrington*, 947 F.2d 956, 964 (D.C. Cir. 1991) (Edwards, J., concurring) (the Guidelines "often produce harsh results that are patently unfair because they fail to take account of individual circumstances"); *U.S. v Molina*, 963 F. Supp. 213, 215 (E.D.N.Y. 1997) (commenting on "[t]he all-too-familiar harshness required by rigid federal Guidelines...and the depredations they wreak upon individual defendants and their families.").

## VIII.
## SENTENCING RECOMMENDATION

Mr. Smith respectfully requests that this Court sentence him to a sentence of 63 months as sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C 3553(a).

## IX.
## CONCLUSION

Based on the above and foregoing, Mr. Smith respectfully requests that this Court impose a reasonable sentence of 63 months with three years of supervised release under these circumstances and is in the interest of justice.

**DATED** this 11th day of October 2023.

                                    /s/ Kendall S. Stone, Esq                .
                                **Kendall S. Stone, Esq.**
                                Nevada Bar No. 15339
                                601 Las Vegas Blvd. South
                                Las Vegas, Nevada 89101
                                Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that I am an employee of Pitaro & Fumo, Chtd.  A copy of the foregoing

**SENTENCING MEMORANDUM** was served upon counsel of record, via Electronic Case

Filing (ECF).

DATED this 11th day of October 2023.

/s/ Kristine Tacata
*An Employee of Pitaro & Fumo, Chtd.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
**EXHIBIT A**
16
17
18
19
20
21
22
23
24
25
26
27
28

To Judge Silva,                                    8/19/2023

       my name is April Demarest
and proud to offer my
reccomendation of Kenneth Smith
to whom i have known for 13
years as my close friend.
      During my relationship
with Kenny i have experenced an
individual who shows up whenever
hes asked to come. works hard,
also carries themselves in a
respectful manner. hes so much
fun to be around and such the
life of the party. In addition
Kenny is also a family man.
who has always presented
themselves with levelheadedness &
grace.
      Its with great confidence
that i recommend kenny as
someone who i truly believe.
possesses the character & judgement
of the betterment of our
community.

      Sincerely,

      April Demarest

Date: 8/31/2023

Re: Kenneth Smith Jr

To the Honorable Judge:

My name is Sharon Boyd and Kenneth Smith Jr is my nephew, and I have been in his life since birth.  My nephew lost his mom which is my sister in his early twenties, which was a devastating blow to him because Kenneth and his mom were very close.

Kenneth Smith Jr is smart, caring and loving young man, and he has been that way ever since he was a young child. He is a loving father to his only son, and I have witnessed firsthand how good he takes care of his son. It devastates me to think about his young son being absent from his dad, I sometimes worry about the impact that it could have on him. My nephew has never been in trouble before, he grew up in a household with two loving parents that took good care of him.

Kenneth Smith Jr entered the Armed Forces to serve his country and I remember how excited he was to enlist; it was a proud moment in his life.  We as his family were also proud that he made the decision to join.

I can truly understand how difficult it is to make a decision without really knowing my nephew, but his is a really good young man, great nephew, great son and great dad who has never been in trouble before... I trust in God that you can look at this letter and feel all the support that family and friends of Kenneth Smith are trying to provide you.  I trust that you will take in consideration of all the character letters that has been provided to you and know Kennth Smith Jr the way we know him.

Thank you,

*Sharon Boyd*
Sharon Boyd

8/20/2023

To whom It May Concern:
I Kayla Hall write this letter of
reference about Kenneth Smith Whom I
had the pleasure to know for over 10 years
in order to clarify and defend his
good Character.

Doing this length of time Kenneth Smith
demonstrated numerous qualities as a valuable
person in our Society. In addition to this
I have observed him being polite,
a hard worker and also willing to help,
When needed Kenneth Smith is also
an enthusiastic, sensible and
graceful person.

Under this pretext, I strongly reccomend
Kenneth Smith as more than a
suitable person. This is a solid
testimony of how Kenneth Smith
is and his mental and moral
qualities and I hope you consider
this reffrence letter When determining
the outcome of this case
                    Sincerly

                    Kayla Hall
                    061-900-6697

**Dear Judge Silva:**

      I am writing this letter for my friend Kenneth Smith,  Booking #69604509 I am deeply concerned for my friend given that this is his first time in a Detention Center. He has proven to be a good fellow citizen even serving in the national guard for a number of years proving his dedication to serving this country in time of need. I understand that he has made some mistakes along the way that have impacted his reputation but he has learned his lesson and is willing to prove that when he returns to society he will become that positive influence once again. Kenneth also has a child that he wishes to become part of once again given that he has been absent for some time. I believe that the sentence that has been given to him may affect his relationship with his child. We are just pleading your Honor to allow him to become and prove to be a good citizen once again and reconcile with his family and friends.

      Thank you for your help and support to Kenneth Smith.

           **-Yours respectfully, Efrain Leon**

**EXHIBIT B**

September 01, 2023

Hon. Judge *Christina D. Silva*
United States District Court
333 Las Vegas Blvd South
Las Vegas, NV 89101

Re:          **UNITED STATES V. SMITH**
Case No:     2:21-CR-279-CDS-EJY

*To the Honorable Christina D. Silva*

First of all, I would like to apologize to the court and take full responsibility for my actions and the reason we are here today. Further, I would like to apologize to my family for the hardship, pain and embarrassment I have put them through. Two years ago when I was arrested, I was living life without any regard for the consequences of my actions. I was irresponsible and selfish. I didn't know the true value of life nor the true weight of what my consequences really meant. That is not the picture I want to portray of myself.

I am not the same person who has made all those reckless decisions. I didn't consider how my decisions and actions would effect anyone else. In my own selfish disregard for anything but myself, I broke the law. I am no longer that person. I do deserve to be punished & incarcerated for my actions and suffer the consequences. I hurt people by my actions. I hurt my family, my son and I have hurt myself. I don't know if I'll ever be able to truly repay the debt that I owe society however, I want to atone for the damage I have caused the community in any way that I can & vow to always do the right thing & live with accountability upon my release from custody.

I plan to better myself because I would rather become a pillar of the community, rather than a disease to the people that I previously swore an oath to protect. I spent 8 years in the US Army serving this country and my fellow citizens proudly. I was honorably discharged and was moving my life forward in the right direction as a veteran and a law abiding citizen. These actions were completely out of character for me; however, I own my actions. Upon my release, I plan on enrolling into the Veteran's affairs 18 month mental health treatment program & any and all other programs available to me that are identified to me by my Justice outreach coordinator. I will hold myself accountable for my actions to my son, family and this community and plan to use these services to insure that I never come into contact with the criminal justice system again in a negative manner.

Please realize that there is a lot of good in me. A lot of good that outweighs the bad aspects of what we are here for today. I just want the opportunity to prove it. I am to a point in my life where I realize what is truly important to me, and that is the ability to be there for my family. I am the one who's been locked away; however, my son, not me, is truly who is being punished the most without me. He needs me right now more than ever as he goes through his early childhood. I want and need to be there for him.

My son Zane is at an age where I need to set an example for him and be a positive influence. While in custody I took the time to better myself and my mindset so that I can become the best person I can be not only for myself but for my son as well. I realize now that I almost lost everything in life that is important to me. I will never risk that again. I just need that chance. I need someone to see in me what I see in myself and to believe in me.

I am ashamed that my decisions not only impacted myself, but also destroyed my family and could have potentially harmed so many others. My selfish actions caused my family to sacrifice time from their everyday lives to step up and provide care for my son. It also took me out of his live. That is time that I will never get back. I missed birthdays, my son losing his first tooth and the tooth fairy, his first day of school and helping with homework. I missed helping him with his social lives and extracurricular activities and so much more. I now know and fully understand that the only true good thing I have done in my life to date is father my son. It's time for me to become his father again & support him. His mother is sick and unable to work and I my selfish actions took his only support away from him.

I want to be able to show my family, my friends and society that I can stay out of trouble and become successful in life. Even after everything I have been through I want to show my son that success is always possible. I have to show my family and Zane the love and guidance that only a father can provide. My main goals now are to stay as far away from trouble as possible, become the best version of me that I can become and give my son the tools necessary to become a productive member of the community. I want to ensure that he never make the same mistakes I have made. I want the chance to show him the difference between right and wrong and how to live life with integrity, responsibility and how to become a productive member of our community with something to contribute to society.

Over the last two years that I have been incarcerated a lot has changed in my life. I understand that and know it is my fault. My actions caused me to almost lose everything important to me. From just self reflection and the various classes that I completed while in custody, I see just how wrong and far off my actions were. People could have been harmed and the consequences to me, my family and other families could have been much worse. My behavior was unacceptable. I accept that and can tell this Court that I will never repeat this behavior.

Thank you for taking the time out of your day to learn a little about me and the direction I want to lead for my family and myself into the future.

**EXHIBIT C**







**EXHIBIT D**



**CoreCivic**

**Certificate of Participation**

This is to certify that

*Kenneth Smith*

has satisfactorily completed the requirements prescribed for

*Victim Impact*

Given on this, the ___14th___ day of ___March___, Two Thousand and ___Twenty Three___

_____ Warden

_____ Authorizing Person

Certificate printed in blue, red, and black on security paper; security feature on face and back.