JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
DANIEL J. COWHIG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
daniel.cowhig@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KENNETH EARL SMITH, JR,<br><br>　　　　Defendant. | Case No. 2:21-cr-279-CDS-EJY<br><br>United States' Response to Defendant's Sentencing Memorandum<br>[ECF No. 90] |

CERTIFICATION: This sentencing memorandum is not timely filed.

　　The United States of America, through the United States' Attorney, Jason M. Frierson, and the undersigned Assistant United States Attorney, Daniel J. Cowhig, submits this response to the sentencing memorandum of defendant Kenneth Earl Smith, Jr.

　　The United States respectfully requests this Honorable Court sentence defendant to a 63-month term of custody with a 3-year term of supervised release on the conditions recommended by the United States Probation Office (USPO).[1] The United States respectfully

---

[1] Addendum to the Presentence Investigation Report (PSR), ECF No. 89 at pp. 30-31. As part of the plea agreement, defendant Smith agreed not to oppose the imposition of certain conditions of supervision. ECF No. 83 at 3:15-5:6. The conditions recommended by the USPO

1

requests the Court not impose a fine as defendant Smith does not appear to possess the resources to pay a punitive fine. ECF 86, Presentence Investigation Report (PSR), at para. 95.

## I. Brief Summary of Factual and Procedural Context

Defendant Smith is pending sentencing after having pleaded guilty pursuant to a Plea Agreement to the Indictment, which charged defendant with eight counts of Illegal Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) and one count of Engaging in the Business without a License (Firearm) in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D). ECF No. 13 (Indictment); ECF No. 83 (Plea Agreement); ECF No. 84 (Minutes).

Defendant Smith stipulated to an extensive summary of facts in the plea agreement, encompassing relevant conduct. ECF No. 83 at 9:11-48:16.

The Final Presentence Investigation Report (PSR) prepared by the United States Probation Office (USPO) on August 30, 2023, also includes a description of the offense conduct. PSR at paras. 9-44.

## II. Offense Level Computations

The Base Offense Level (BOL) and Specific Offense Characteristics (SOCs) applicable to violations of Illegal Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) and one count of Engaging in the Business without a License (Firearm) in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D) are set out in USSG § 2K2.1.

### 1. Base Offense Level

Because the offense "(i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine," and because defendant Smith "(ii)(III) is convicted under 18 U.S.C. § 922(a)(6) … and committed the offense with knowledge, intent, or reason to believe

---

are fairly encompassed within those set out in the plea agreement. *See id*. and Addendum to the PSR at pp. 30-31.

that the offense would result in the transfer of a firearm or ammunition to a prohibited person," the applicable BOL is 20 under USSG § 2K2.1(a)(4)(B)(i)(I) and (ii)(III). ECF No. 83 at 49:9.

### 2. Specific Offense Characteristics

Because the offense "the offense involved [25-99] firearms," a 6-level increase was applied under USSG § 2K2.1(b)(1)(C). *Id.* at 49:10.

Because defendant Smith "engaged in the trafficking of firearms," a 4-level increase was applied under USSG § 2K2.1(b)(5). *Id.* at 49:11.

The parties stipulated that no other specific offense level characteristic applied. *Id.* at 49:3-8.

### 3. Other Victim, Offender or Obstruction-Related Adjustments

Because defendant Smith "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense," a 2-level adjustment was applied under U.S.S.G. § 3C1.1. *Id.* at 49:12.

The parties stipulated that no other victim, offender, or obstruction-related enhancements applied. *Id.* at 49:3-8.

### 4. Acceptance of Responsibility and Total Offense Level

Based on defendant Smith's timely plea of guilty,[2] the United States recommends the Court apply a two-level reduction to the offense level for acceptance of responsibility under

---

[2] The United States conditioned its commitment to recommend a two-level reduction to the offense level for acceptance of responsibility under USSG § 3E1.1(a) and to move for a further one-level reduction under USSG § 3E1.1(b). ECF No. 83 at 49:14-50:6. As of the filing of this response to the defendant's sentencing memorandum, the United States believes defendant has met those conditions.

USSG § 3E1.1(a) and moves for a further one-level reduction under USSG § 3E1.1(b). With these adjustments, the Total Offense Level is 29. PSR at paras. 59-61.

        5.    <u>Stipulated Offense Level Computations Comport with Those of the PSR</u>

The United States agrees the offense level computations applied by the USPO in the PSR are correct.

### III. Criminal History Computation

The USPO computed defendant Smith's Criminal History Score as 0. PSR at paras. 62-64. The USPO assessed defendant Smith's Criminal History Category as I. *Id*. at para. 65. The United States agrees those computations are correct.

### IV. Parties' Positions Regarding Sentence

Under the plea agreement,

> [t]he parties will jointly recommend that the district court sentence defendant to a 63-month term of imprisonment. In the event that a sentence of 63 months is outside defendant's advisory Guideline range as determined by the district court, the parties will jointly request a variance to 63 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 63 months is a reasonable sentence. The parties will jointly recommend that the district court impose a 3-year period of supervised release.

ECF No. 83 at 51:6-12.

Offense Level 29 corresponds to a sentencing range of 87-108 months in Criminal History Category I. USSG Ch. 5, Pt. A, Sentencing Table. Consistent with the terms of the Plea Agreement, the United States requests a variance to 63 months.[3]

---

[3] A sentencing range of 63-78 months corresponds to Offense Level 26 in Criminal History Category I. USSG Ch. 5, Pt. A, Sentencing Table.

## V. Applicable Law

Under Title 18, United States Code section 3553(a), the factors to be considered when imposing a sentence include both "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Title 18, United States Code section 3553(a) mandates that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2). Those purposes include "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The law also requires the Court to consider "the kinds of sentences available," 18 U.S.C. § 3553(a)(3); "the kinds of sentence and the sentencing range established … set forth in the guidelines … issued by the Sentencing Commission pursuant to" Title 28, United States Code section 994(a)(1), 18 U.S.C. § 3553(a)(4), and; pertinent policy statements issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(5).

Section 3553(a) also requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Finally, section 3553(a) requires the Court to consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

### VI. United States' Sentencing Recommendation and Rationale

The United States recommend that the district court grant a three-level downward departure or variance from defendant's offense level as calculated by the parties in Section VI of the Plea Agreement and respectfully requests this Honorable Court sentence defendant to a 63-month term of custody[4] followed by a 3-year term of supervised release[5] on the conditions recommended by the USPO. The United States respectfully requests the Court not impose a fine as defendant Smith does not appear to possess the resources to pay a punitive fine. PSR at para. 95.

The United States concurs with the sentencing justification set out by the USPO in Part G of the PSR. *Id*. at paras. 116-121.

Defendant Smith, who will be 30 years old at the time of sentencing, comes before the Court for sentencing in a broad range of criminal conduct, charged as eight counts of Illegal Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) and one count of Engaging in the Business without a License (Firearm) in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D).

Between February 17, 2020 and October 12, 2021, defendant Smith illegally bought or attempted to buy more than 50 firearms in "straw purchases" from licensed firearms dealers in Las Vegas, Henderson and Pahrump, Nevada. ECF No. 83 at 9:11-48:16. During each straw purchase, defendant Smith deliberately lied to the firearms dealer so the dealer would sell him the firearms. Specifically, defendant Smith told each firearms dealer that he was buying the firearms for himself, when in fact he was buying the firearms for other persons, and that he was

---

[4] That is, 63 months per count as to Counts 1 through 8, concurrent, and 60 months as to Count 9, concurrent.

[5] That is, 3 years per count, concurrent.

a resident of Nevada, when in fact he was a resident of California. Defendant Smith then trafficked those firearms into the State of California. In some instances, he sold those firearms to person whom he knew could not lawfully possess them. In some instances, he knew or had reason to believe that the person to whom he sold the firearm intended to use the firearm in a crime.

Alerted to the significant number of firearms defendant Smith bought in a relatively short period of time, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) served a cease and desist notice on defendant Smith. Despite that notice, defendant Smith continued to unlawfully purchase firearms. That caution was not sufficient to deter defendant Smith from continuing his conduct.

The circumstances in which some of the firearms were recovered, taken from persons engaged in trafficking in controlled substances or other criminal behavior during an arrest, illustrate the significant danger that straw purchases and unlicensed firearm dealing present to society. A significant punitive sentence is needed both deter defendant Smith from future criminal conduct and to deter others from pursuing a similar path.

The sentencing guidelines, which the Supreme Court has recognized as "helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary," *United States v. Booker*, 543 U.S. 220, 264–65 (2005), recommend a custodial sentence of 87 to 108 months. Here, however, the United States believes that a custodial sentence of 63 months is sufficient but not greater than necessary to achieve the purposes of sentencing. A downward variance to 63 months is appropriate here to recognize all applicable mitigating factors, including among other factors defendant Smith's acceptance of responsibility, his lack of significant criminal history, and his prior military service. *See* Ex. A.

Taking all of the appropriate factors into account, a 63-month term of custody is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). A 63-month term of custody would "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(C), and be sufficient to "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(D).

The United States respectfully requests to be permitted to supplement this filing should new circumstances require.

Respectfully submitted this October 15, 2023.

JASON M. FRIERSON
United States Attorney

*//s// Daniel J Cowhig*
DANIEL J. COWHIG
Assistant United States Attorney