**Kenneth Earl Smith #69604509**
Federal Inmate
FPC JESUP
SATELLITE CAMP
2650 301 SOUTH
JESUP, GA 31599

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 4 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **MOTION FOR COMPASSIONATE** |
| **RELEASE** *Plaintiff* | **Case** |
| No: 2:21-cr-00279-GMN-EJY | |
| vs. | |
| | |
| **KENNETH EARL SMITH** | |
| *Defendant* | |

**CERTIFACATION:** *I certify that this motion is timely filed.*

**\*\*MOTION FOR COMPASSIONATE RELEASE\*\***

Pursuant to Title 18, U.S.C. §§ 3582(c)(1)(A) and 4205(g), Defendant Kenneth Earl Smith Jr. (hereinafter "Defendant") respectfully submits this motion for a reduction in sentence via compassionate release. Defendant asserts that extraordinary and compelling reasons warrant his release, specifically the critical and deteriorating condition of his child's sole caregiver. This motion is supported by the following memorandum of law and attached exhibits.

**\*\*I. BACKGROUND\*\***

Defendant, Kenneth Earl Smith Jr., is currently serving a 63-month sentence for eight counts of Illegal Acquisition of a Firearm (18 U.S.C. § 922(a)(6), 18 U.S.C. § 924(a)(2)) and one count of dealing in firearms without a license (18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 923(a), 18 U.S.C. § 924(a)(1)(D)).

**\*\*II. LEGAL STANDARD\*\***

The First Step Act of 2018 authorizes a court to reduce a term of imprisonment under the circumstances delineated in 18 U.S.C. § 3582(c)(1)(A), provided the court determines that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission."

**III. EXTRAORDINARY AND COMPELLING REASONS**

Extraordinary and compelling reasons for Defendant's release include:

A. **Health and Safety of Defendant's Minor Child**: The defendant's minor son, Zane White, is currently in the care of his mother, Heather White, who suffers from severe addiction and mental health issues, compromising her ability to care for him. Recent communications from Ms. White indicate a deteriorating mental state, marked by threats of self-harm and erratic behavior, thereby placing Zane's well-being at significant risk.

B. **Incapacity of Child's Caregiver**: Ms. White's incapacity to care for Zane is exacerbated by her violation of the custody agreement by moving the child out of state, further destabilizing the child's living situation.

**IV. NO PRIOR CRIMINAL HISTORY**

Defendant had no prior criminal history before the instant offense and has maintained a non-violent record during his incarceration. He has availed himself of rehabilitative opportunities, completing over 60 educational courses and pursuing paralegal studies.

**V. 18 U.S.C. § 3553(a) FACTORS**

In considering the factors under § 3553(a), this court should recognize Defendant's lack of prior criminal history, his non-violent conduct, and his efforts towards rehabilitation. His release would not pose a risk to the public and would address the pressing care needs of his minor child.

**VI. CONCLUSION**

Given the critical condition of his child's caregiver and Defendant's demonstrated commitment to rehabilitation, Defendant respectfully requests that this Court grant his motion for compassionate release, allowing him to provide the necessary care and stability his son desperately needs.

Respectfully submitted,

Kenneth Earl Smith Jr.
Defendant Pro Se

## UNSWORN DECLARATION BY INMATE

I understand that a false statement or answer to any question in this Motion will subject me to penalties of perjury. *I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See: 28 U.S.C. § 1746 and 18 U.S.C. § 1621.*

Executed at FPC JESUP  on  _05-08-2024_

**Date**

_Kenneth Earl Smith_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above forgoing ~~MOTION TO~~ ~~~~ has been served by placing in the United States Mail postage prepaid on the 8th day of _May_ , **2024**

Addressed to::

**CLERK, U.S. DISTRICT COURT**
**DISTRICT OF NEVADA**
**LLOYD D. GEORGE U.S. COURTHOUSE**
333 Las Vegas Blvd. South Room 1334
Las Vegas Nv. 89101

2:52

**Heather**

> this shit is just so sad, I'm sleeping in a car with my 2 kids I need help

> this life im living in is so fucked..i trieedd to be so strong for my babies im sick i need my pain pills skmetimes i cant move without them i wont lie to you i smoked meth again to stop the noise in my head i am a addict! i just want to drown out the noise & pain. I csnt do this life anymore i am all alone with no help or support! I do want to to just lay down & die I could NEVER leave my kids in this world to suffer like I did! I meed them with me where ever I do

— Unread —

I will call the police to get you help. Do you know exactly where you are?

Just calm down. This isn't a safe situation for the kids.

2:51 PM

Text message



days.

csn you take the kids for a little while.? just until I csn make some cash?

I can't right now. I have to work. I'm all by myself for the next few months.

I NEVER BEEN THIS BAD BEFORE.

this world is SOOO UGLY I WANNA TAKE ME & MY KIDS OUT OF IT. We don't deserve to go through this

Kenny used to do everything now things are so fucked. 🫤

You sound like your talking about harming the kids
 Do you have family in Arkansas? My wife passed. I don't have anyone who can watch them. I can't afford to miss work.

2:52

**Heather**

Where are you?

I can get the police to help you.

were in Colorado somewhere

this shit is just so sad, I'm sleeping in a car with my 2 kids I need help

this life im living in is so fucked..i trieedd to be so strong for my babies im sick i need my pain pills skmetimes i cant move without them i wont lie to you i smoked meth again to stop the noise in my head i am a addict! i just want to drown out the noise & pain. I csnt do this life anymore i am all alone with no help or support! I do want to to just lay down & die I could NEVER leave my kids in this world to suffer like I did! I meed them with me where ever I do

Text message

# WISE

# FIRST STEP™

REPORT OF PROJECTED RELEASE
SCHEDULE UNDER FSA FOR
KENNETH SMITH REG# **69604-509**
WFS # 207



# OVERVIEW

The *First Step Act*, Pub.L. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("FSA"), passed five years ago, is landmark legislation for criminal justice reform. The intent of the FSA was to reallocate resources from the incarceration of low-risk offenders and use those dollars toward crime prevention programs in the community. A key pillar of the legislation was the introduction of risk assessment, evidence-based recidivism programs and FSA time credits as a means of moving low-risk offenders to community custody and rewarding inmates for successful completion of evidence-based recidivism programs, all intended to reduce recidivism among former federal prisoners.

Along with the *Second Chance Act*, Pub.L. 110-199, 122 Stat. 657 (April 9, 2008) ("SCA"), the FSA provides inmates with substantial opportunities 2 reduce the amount of time they must spend inside federal prisons.

Despite the passage of time since FSA became law, the Federal Bureau of Prisons has been slow to implement its FSA time credits program in accordance with the law. Thousands of inmates remain incarcerated in federal prisons when they should have been moved to community custody much sooner.

The fundamental challenge for an inmate in the federal system is that there is no clear direction in terms of how the credits are being calculated, issued, and implemented. As a result, inmates find themselves at the mercy of a case manager, waiting to be referred to a halfway house or home confinement and not knowing what rights they have under the law or what process to follow for exercising and appealing that right.

# WHAT THIS REPORT WILL DO FOR YOU

If you're currently an inmate in the BOP, it is likely that you are not getting the full benefit of the FSA time credits you have earned due to how the BOP is interpreting the law. The FSA and the BOP program statement implementing it mandate that after the first 365 days of earned credit is applied to shorten your sentence, any additional credits you have earned should be applied to pre-release custody, which includes halfway house or home confinement, for a period in addition to what the BOP judges you should be granted under the SCA.

After reviewing your latest sentence computation and FSA time credit assessment that you received from your case manager, we will develop a detailed report that outlines key dates you need to be aware of for you to advocate for your referral to pre-release custody.

This is an important step because the BOP will not be giving you these dates. Importantly the calculation of these dates is being done by leading experts on the FSA who have done this hundreds of times for inmates and are able to look at your specific situation. This determines the date that applies to you, rather than just running some dates through an online calculator that does not consider facts particular to your sentence. The individualized details in this report have enabled hundreds of inmates to accelerate the process for transfer out of prison.

*Once this report is delivered, you will*

- possess the necessary data to complete BP-8, -9, -10 and -11 forms with the information needed to exhaust the BOP administrative remedy process, because these dates and details are necessary to adequately complete those forms.

- possess the necessary data to perhaps enable you to go directly to court with a 28 USC § 2241 petition for habeas corpus (or possibly an *Administrative Procedure Act* claim under 5 USC § 702, as your lawyer may advise you) without needing to go through the administrative remedy process, inasmuch as the BOP has already stated its interpretation of the law.

- possess the necessary data to enable you to engage an attorney to help you file in court if you wish to do so.

Copyright 2024, Wise Platforms, LLC, All rights reserved.

# HOW DO I ENGAGE WITH WISE?

A family member or representative in the community can contact the phone number provided. On this call, a customer service representative will perform the intake assessment for gathering the necessary data points from three BOP-generated documents that you now have or can get from your Case Manager, which you should provide to your representative:

> PATTERN Risk Assessment form
>
> FSA Time Credit Assessment form
>
> Sentence Monitoring Computation Data form

Once your representative provides these forms and makes payment, your report will be immediately processed. The turnaround time is approximately seven (7) days to complete, and the report will be emailed to your representative.

# HOW MUCH DOES IT COST?

**The cost of the report is $1,250.00.** The cost is non-refundable and must be paid at the time of the intake assessment by your representative.  If for any reason – after your verification or consultation – there is a discrepancy, we will be happy to review your report at no additional cost.

# WHAT IS IN THE REPORT?

## STEP 1 – PROJECTED GCT RELEASE

Under 18 USC § 3624(b), an inmate who maintains good conduct will earn 54 days of Good Conduct Time (GCT) per year of incarceration.  The GCT release date, known as the "statutory release date," is indicated on the Sentence Monitoring Computation Data form. This date is the foundation for computation of the date on which you should be released to pre-release custody (halfway house or home confinement), which we call the Last Date Inside™.

## STEP 2 – RELEASE METHODOLOGIES

The BOP's Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas, uses sentence computation methodologies that can vary depending on your FSA eligibility and your eligibility for Residential Drug Abuse Program (RDAP) credit under 18 USC § 3621(e).  Application of the correct methodology is crucial to a proper calculation of time credits and your LDI™.  We will verify that the BOP is employing the correct methodology that maximizes your credits.

## STEP 3 – RISK LEVEL STANDARD

Under the BOP's interpretation of the FSA, an inmate does not hit earning status until he or she has reached what is called the "home institution," that is, the institution to which the inmate is designated. Inmates are sometimes in transit or in holding, and there may be a discrepancy that needs to be resolved in terms of when the earning status begins, especially in light of several district court decisions invalidating a BOP regulation addressing the issue.

Also, the FSA requires that an inmate must maintain a low or a minimum recidivism score for two assessment periods, before the prisoner can advance from earning 10 days credit to 15 days credit for every 30 days of

successful programming. There may be discrepancies based on the start date and or the earning status that can impact the calculation that inmates or the case manager may not be aware of.

For these reasons, we analyze the period from the date your judgment is entered (the start date of your sentence) to the date the BOP places you in "earning status" as well as the risk level at which you were assessed. We sometimes find errors in PATTERN risk assessment calculations (a 2022 Dept of Justice study found mistakes in 11% of BOP PATTERN assessments) that must be corrected.

## STEP 4 – PROGRAM PARTICIPATION

An important component in the analysis is ensuring the inmate has been participating in recommended programming. If you have not enrolled in programming that has been recommended to you based on the risk assessment, then you could be placed in ineligible status unknowingly and not be in accrue status and wondering why you were losing credits. If there are periods where you have gone out of being able to accrue time credits, we would determine what the reason is and whether there is any recourse for you to recover those credits.

## STEP 5 – LDI™ DATE (LAST DATE INSIDE)

In the plain language of the *First Step Act* (codified at 18 USC 3624(g), for example), all of your FSA credit rights turn on one important date: the **LDI™**. This date, the Last Date Inside™, is the date on which the BOP is required to transfer you to pre-release custody, either to a halfway house or home confinement. As part of our analysis, we determine your LDI™ and provide you with a concise but complete explanation of how the date was derived and prepare language for either your administrative remedy or legal filing that provides the math and the argument for the date on which you are required to be released to either a halfway house or home confinement under the law. We find that the BOP is not currently honoring its requirement to transfer people on that date, or even acknowledging it for that matter.

Calculation of your **LDI™** is the most important step in the calculation of time credits. This is the date on which the BOP is obligated to transfer you to prerelease custody no matter what.

See our sample calculation starting on Page 5.

## STEP 6 – APPLICATION OF TIME CREDITS

Under the law, the BOP has the unreviewable discretion to apply time credits either to supervised release (meaning moving up your projected release date by up to one year) or to prerelease custody which includes halfway house or home confinement. That is at the discretion of the BOP. The BOP has said in its Program Statement 5410.01 CN-2, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)* (March 10, 2023), p.17, that it automatically applies the first 365 FSA credit days to moving up your release date. Once you have used 365 days toward "early transfer to supervised release" – which is what we know as "getting out" – FSA credit days earned in excess of that number are to be applied towards prerelease custody. The BOP is not doing that now, instead letting halfway houses determine when you can go to halfway house or home confinement, and so these credits are essentially being ignored.

Our analysis will identify the time credits that are properly applied toward the release date as well as those that are available to be applied to pre-release custody. Importantly, you can continue to earn FSA credit while you are in the halfway house or on home confinement, but once they leave the prison, most people have no idea how to obtain an updated time credit assessment and ensure that they are being applied. Our analysis will help in that determination.

The projected release date based on the future earning of FSA time credits is not always being followed by case managers in determining when to start processing the halfway house referral.

The BOP Program Statement also states that the amount of time determined for halfway house or home confinement should factor in the FSA time credits you have available as well as what would otherwise be awarded under the SCA. We find that the BOP generally does not follow this mandate.

Page 3

Our analysis will calculate the total number of days that you are eligible under the FSA and SCA, determine your LDI™ (when your pre-release custody should commence), and estimate how the LDI™ should change once you go to pre-release custody. This information is important for you to have on hand when you speak to your case manager about preparing the referral for halfway house and, if needed, when you prepare your administrative remedies or court filings.

We will look at all the factors in your specific case that affect your eligibility for more pre-release custody under the FSA and SCA.

## STEP 7 – CASE MANAGER TALKING POINTS

Once our analysis is complete, you will receive a set of talking points as part of our report. Those talking points will include the crucial dates and an explanation of how they were derived and how they comply with the law and BOP Program Statement. This will assist you in your team meeting or discussions with the case manager about the proper referral date for pre-release custody (halfway house or home confinement) and the number of earned and prospective FSA time credits you should be receiving. Typically, when case managers submit a referral, it is opaque: the inmate does not have any insight into the dates being used, let alone how the BOP arrived at the dates.

Our analysis will give you the necessary data to advocate for yourself without being dependent upon the BOP or the case manager

## STEP 8 – FOLLOW UP

If after receiving your report, you have additional questions about its contents, you or your representative may schedule time with us to discuss your questions. If our discussions identify any need for modification or clarification, we will make those adjustments at no cost.

Everything we do is driven by one goal: to deliver to you a report that is accurate, comprehensive and authoritative.

## STEP 9 – REMEDY FOR BOP ERRORS OR REFUSALS (OPTIONAL)

After receiving your report if you require additional assistance in either preparing the administrative remedy or a habeas corpus filing under 28 USC § 2241 or *Administrative Procedure Act* filing under 5 USC § 702, we can refer you to one of our legal experts on FSA filing who can assist you with this process. This engagement is outside the scope and cost of the initial report.

| | |
|---|---|
| Projected GCT Release | May 15, 2026, |
| For the first 180days, if this inmate maintains a low or minimum risk level, he will earn 60 days of FSA time credit (10 days per month) | |
| After the first 180 days, the release date would move by 60 days to | March 15, 2026 |
| Starting on the 181th day, the inmate would earn at the rate of 15 days of FSA time credit per month | July 31, 2024 |
| By January 5,2025 the projected release date would move by 182 days | November 5, 2025 |
| From January 6, 2025, to July 5, 2025, the inmate would earn an additional 90 days of FSA time credits, moving the projected release date to | August 5, 2025 |
| Under 18 USC § 3624(g) The LDI Date is | August 5, 2025 |
| Under 3624 © inmate is eligible for 6 months home confinement | January 5, 2025 |

9485234.1.8:10

| | |
|---|---|
| The inmate should therefore be transferred to prerelease custody on factoring time credits  The inmate should therefore be transferred to prerelease custody on factoring time credits earned under the FSA as well time eligible under the Second Chance Act. | January 5, 2025 |
| The referral should therefore be submitted on or before. | November 5, 2024 |

## COMPARISON OF TIME SPENT IN PRISON UNDER CURRENT BOP PRACTICE

The BOP is applying FSA time credits towards pre-release custody inconsistent with the plain language of the law under 18 USC 3624(g) as well as BOP program statement 5410.01.

 Under the current methodology being used by the BOP, after an inmate has earned the maximum 365 days that have been applied to supervised release, the remaining days are supposed to be used towards pre-release custody, but this is being ignored.  By statute the remaining FSA time credits are supposed to be applied in addition to the amount of time a person in custody is eligible for halfway house or home confinement under 3624(c).  In other words, the time credits need to be applied to the amount of time that would normally be given for pre-release custody without the First Step Act.

The BOP is ignoring the credits that have been earned towards pre-release custody and are essentially placing an inmate for the least amount of time prior to the FSA conditional release date.

By law, the intent of Congress was to ensure that low risk offenders are moved to the community sooner. The statutory application of the time credits towards pre-release custody is to determine the **LDI** as defined by the law and then apply the amount of time an inmate is eligible for halfway house and home confinement starting with the **LDI** date.

The difference between the amount of time an inmate spends in prison under the current BOP practices and what is mandated by law is significant. Case managers typically do not start the referral process until very late and as a result many inmates remain in prison beyond their **LDI** date which is not allowed by law.  Furthermore, inmates are not receiving the benefit of having the maximum amount of halfway house and home confinement applied to the **LDI**.

9485234.1.10-10



TRULINCS 69604509 - SMITH, KENNETH EARL JR - Unit: JES-G-A

----------------------------------------------------------------------------------

FROM: 69604509
TO: Associate Warden Office
SUBJECT: ***Request to Staff*** SMITH, KENNETH, Reg# 69604509, JES-G-A
DATE: 04/13/2024 11:16:04 AM

To: Warden
Inmate Work Assignment: N/A

Hello, I would like to request emergency compassionate release under 3582(c)(1)(A) and the First Step Act for Family Circumstances under Amendment 814 of the recently updated U.S.S.G. Guidelines.

No responce from Warden.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF TULARE**<br>**Family Court Services**<br><br>☐ Visalia Courthouse<br>221 S. Mooney Blvd., Ste 203<br>Visalia, CA 93291<br>(559) 730-5000, Opt. 6 | *FOR COURT USE ONLY*<br>**FILED**<br>TULARE COUNTY SUPERIOR COURT<br>SOUTH COUNTY JUSTICE CENTER |
| ☒ South County Justice Center<br>300 E. Olive<br>Porterville, Ca 93257<br>(559) 730-5000, Opt. 6 | NOV 01 2019<br><br>STEPHANIE CAMERON, CLERK<br>BY: *[signature]* |

In RE Matter of:

PETITIONER: WHITE, HEATHER

RESPONDENT: SMITH, KENNETH

OTHER PARTY: N/A

CASE NUMBER: PFL279814

| | |
|---|---|
| Attorney (Petitioner): N/A | |
| Attorney (Respondent): N/A | Department: 18 |
| Attorney (Other): N/A | Session Date: 11/01/2019 |
| **ORDER** | CCRC: SAMUEL TORRES, M.S. |
| **CHILD CUSTODY AND VISITATION** | Hearing Date: 11/01/2019 |

The custody and visitation rights of each party are set forth herein and this Order shall define custody and visitation for the following child:

| NAME:<br>ZANE WHITE | DOB:<br>03/05/2018 | AGE:<br>01 |
|---|---|---|

**1.00   INFORMATION**

1.01   This court has jurisdiction to make child custody orders in this case under the uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, beginning with section 3400)..

1.02   The responding party was given notice and an opportunity to be heard, as provided by the laws of the State of California.

1.03   The country of habitual residence of the child in the case is the United States of America.

1.04   Failure to obey this order shall be deemed a violation of Sections 166.4, 273.6, 278, 278.5, and 279 of the California Penal Code and appropriate law enforcement agencies are directed to secure compliance of this order. Failure to obey this order may also result in civil penalties.

1.05   The Court has considered the factors set forth in Family Code Section 3048(b)(1) and finds that there is **NOT** a risk of abduction of the child by either parent.

1.06   The word 'child' applies to all children subject to this action. Only items included in this document apply to this order. Numbers may not be sequential. **CCRC stands for Child Custody Recommending Counseling.**

**2.00   LEGAL CUSTODY RIGHTS AND RESPONSIBILITIES**

2.01   A parent shall not be denied access to records and information pertaining to a minor child pursuant to Family Code § 3025: 'Notwithstanding any other provision of law, access to records and information pertaining to a minor child including, but not limited to, medical, dental, and school records, shall not be denied to a parent because that parent is not the child's custodial parent.'

2.02   Each parent will have access to and has the right and obligation to keep him or herself advised of information concerning the well-being of the child, which shall include but not be limited to: report cards; State standardized test results; order forms for school pictures; significant communications from medical or mental

*health care providers; the names, addresses, and telephone numbers of all schools, health care providers, regular childcare providers, and counselors.*

2.03    The parents shall have joint legal custody, which means that both parents shall share in the right and responsibility to make decisions and must confer in making decisions on the following matters:
- Enrollment in or leaving a particular private or public school
- Participation in extracurricular activities
- Beginning or ending of psychiatric, psychological, or other mental health counseling or therapy
- Selection of a doctor, dentist, or other health professional (except in emergency situations)

2.04    In all other circumstances, either parent acting alone may exercise legal control of the child, as long as the action does not conflict with any orders concerning legal or physical custody of the child.

2.05    If those rights and responsibilities require mutual consent, failure to obtain mutual consent prior to implementation may result in civil or criminal penalties and/or result in a change to the legal and physical custody of the child.

**3.00    PHYSICAL CUSTODY RIGHTS & PARENTING TIME**
3.01    The **mother** shall have sole physical custody, which means the child shall reside with and under the supervision of that parent subject to the following Court ordered visitation plan.

**3.03    PARENTING PLAN:**
**SCHOOL YEAR:**
3.04    Beginning with the date of the signing of this Court order, the child shall reside primarily with the **mother**, except for specific periods of time outlined below.

3.06    ***ALTERNATE  WEEKENDS:***
*Beginning with the date of the signing of this Court Order, the child shall reside with the **father every other weekend**. The weekend shall be defined as beginning on **Friday**, at **3:00 p.m.**  and concluding on **Sunday** at **6:00 p.m.***

*** The mother shall be present with the father during his first 4 weekend visits with the child. After the four weekend visits, the father shall spend time with the child without the mother present. ***

**5.00    TRANSPORTATION/EXCHANGES:**
5.01    Transportation for exchanges will be as mutually agreed upon by the parties. In the event the parties cannot agree, they shall exchange at a halfway point between their residences.

**6.00    COMMUNICATION:**
6.01    Neither parent will threaten, harass, intimidate, be sarcastic or use obscene or other abusive language towards the other parent, either in person or by electronic means including, but not limited to, telephone, text message, on-line or through social media.

6.02    Each parent shall provide the other parent with a message telephone number where they can be contacted in case of emergency or message regarding the child. The parents may **NOT** use the child as messengers between them. This provision shall not be used for the purpose of harassing or annoying the other parent.

6.03    In the event the receiving parent is unable to exercise visitation on a given occasion, he or she must provide the other parent with at least 24-hours advance notice of the cancelation of the visit with the child unless with a verifiable emergency.

**7.00    GENERAL HEALTH & WELL-BEING:**
7.01    *Each parent shall be empowered to obtain emergency health care for the child without the consent of the other parent. Each parent shall notify the other parent as soon as reasonably possible of all emergencies involving the child including, but not limited to, illness or emergency requiring medical attention.*

.02   Both parents are required to administer any medications for the child. At time of exchange, each parent will inform the other parent of the medication given and time of last dosage.

7.03   Both parents shall be listed on **all** emergency cards for the child including but not limited to the child's school and/or childcare provider. The mother shall be listed as 'mother' and the father shall be listed as 'father'. This provision does not authorize either parent to remove the child from the school or childcare facility for visitation during regular hours, unless otherwise authorized in the Court order or agreed to between the parents in writing.

7.04   The parents shall be responsible for the child's attendance at their extracurricular activities, including but not limited to, team sports, school functions, lessons, and other such child centered activities during their respective custodial periods. The parents shall mutually agree upon enrolling the child in any future extracurricular activities, which infringes upon the time the child is with the other parent. Each parent has the right to attend/participate in any such activities when parental attendance is allowed. The non-custodial parent may have contact with the child for the purpose of acknowledging their accomplishments or performance and to say good-bye without interference from or by the custodial parent.

7.05   **Each parent must notify the other of any medical or dental appointments and the name, address and telephone number of any health care providers at least 24 hours prior to the appointment time.**

7.06   **Unless directed otherwise by the health care provider, or their staff, both parents have the right to be present for all appointments and emergency treatment.**

**8.00   SAFETY AND PROTECTION**
8.01   The parents shall refrain from doing or saying anything in the presence of the child that will diminish the love and affection the child has for the other parent. The parents shall not question the child about the personal life of the other parent, nor discuss custody, visitation, or child support issues in the presence of the child, **or question the child about where they want to live.** The parents shall neither argue nor insult each other in the presence of the child, nor allow any third party to do so. Both parents shall encourage the child to be with the other parent, in accordance with the Court Order, and help to ensure a peaceful transition from one parent to the other.

8.03   Neither parent shall remove the child from the State of California, County of Tulare, for the purpose of changing the child's residence without the written notarized consent of both parents or until further order of the Court.

8.04   The custodial parent shall notify the other parent if he or she plans to change the residence of the child for more than 30 days, unless there is prior written agreement to the removal. The notice shall be given before the contemplated move, by mail, return receipt requested, postage prepaid, to the last known address of the parent to be notified. A copy of the notice shall also be sent to that parent's attorney of record. To the extent feasible, the notice shall be provided within a minimum of 45 days before the proposed change of residence so as to allow time for mediation of a new agreement concerning custody.

8.05   **The perpetration of child abuse or domestic violence in a household where a child resides is detrimental to the child and may be the basis for modification of these orders in the best interests of the child.**

**9.00   SUBSTANCE ABUSE PROVISIONS**
9.01   The parents shall abstain from all psychoactive drugs (including marijuana) not medically prescribed. The parents shall abstain from the abuse of alcohol 24 hours prior to and during any physical contact with the child. [Abuse of alcohol shall be defined as drinking enough alcoholic beverages that would result in a 0.08% Blood Alcohol Concentration]. If either parent appears to be in violation of this paragraph of the Order, then the other party may call law enforcement to make a determination as to such violation. A violation of this paragraph of the Order may be considered a change in circumstance, and may be taken into consideration by the Court in future custody and visitation matters in this case.

9.03   When the child is in the care of either parent, that parent shall not associate with anyone who is abusing alcohol or prescription drugs, or using marijuana or using illicit drugs. It is the responsibility of each parent to provide the child with a drug free and sober environment. A violation of this provision may be considered a change of circumstance.

FCS-11-2017-O                    ORDER CHILD CUSTODY AND VISITATION

**1.00   OTHER:**

11.01   The parents may supplement or revise the terms and conditions of this custody agreement as the needs of the child change. <u>Such changes shall be in writing, dated and signed by both parents, or by electronic means (email or text)</u>. If controversy arises, the existing Order of the Court shall remain in full force and effect pending further Order of the Court. In the event of reconciliation and a subsequent separation, the existing Order of the Court shall remain in full force and effect from the date of any subsequent separation.

11.02   Neither parent will file a Request for Order, except on an ex parte basis, without having complied with the previous Court orders for services.

11.03   Neither parent will change the last name of the child or have a different name used on the child's medical, school, or other records without written consent of the other parent.

11.04   If not already completed, the Parents shall complete the on-line Family Dispute Resolution Orientation including the Additional Interactive Resources ("Families Change" for parents and adults and "Changeville" for children) on-line at http://www.tularesuperiorcourt.ca.gov.  Under the Divisions Tab, Select Family Court Services and Click on the Banner at the top middle of the page. Upon completion, the parents shall file a copy of the certificate of completion in Room 201 at the Superior Court of California, Visalia Division or with the Counter Clerk at the South County Justice Center located in Porterville.

11.06   The parties declare and agree to the following:
Each party declares under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Date: November 1, 2019

Petitioner: _____        Respondent: _____

Attorney: _____        Attorney: _____

*PLEASE NOTE: ONCE THIS STIPULATION BECOMES A COURT ORDER THE COUNSELOR CANNOT CHANGE, INTERPRET, OR ENFORCE THE ORDER. YOUR COUNSELOR CANNOT SPEAK WITH ONE PARENT EX PARTE ONCE THE SESSION IS COMPLETED. THE STAFF CAN ANSWER GENERAL QUESTIONS. PLEASE SCHEDULE ANOTHER MEDIATION, CONTACT YOUR ATTORNEY OR THE FAMILY LAW FACILITATOR (737-5500), OR RETURN THE MATTER TO COURT IF A CHANGE IS NECESSARY.*

IT IS SO ORDERED:

_____
JUDGE OF THE SUPERIOR COURT

11/1/19
DATE SIGNED

☒ Nathan D. Ide
☐ Tara K. James
☐ Kerri Lopez

# Report Information
# and
# Victims' Bill of Rights



_LANCASTER_
**Station**

_015-23757-1159-146_
**Report Number**

_DOMESTIC VIOLENCE_
**Classification of Incident**

_11/10/19_
**Date**

_CHIDINKA / ACOSTA_
**Deputy's Name**

## ALEX VILLANUEVA, SHERIFF
Los Angeles County Sheriff's Department

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF TULARE**

*FOR COURT USE ONLY*

☐ Visalia Courthouse
221 S. Mooney Blvd.
Visalia, CA 93291

☒ South County Justice Center
300 E. Olive
Porterville, CA 93257

**FILED**
TULARE COUNTY SUPERIOR COURT
SOUTH COUNTY JUSTICE CENTER

**JAN 10 2020**

STEPHANIE CAMERON, CLERK
BY: _____

In Re The Matter of:

PETITIONER: Heather White

RESPONDENT: Kenneth Smith

OTHER PARTY/PARENT:

Attorney (Petitioner): In Pro Per

Attorney (Respondent): In Pro Per

Attorney (Other Party/Parent/DCSS):

CASE NUMBER:   PFL266906

Department: 18

Judicial Officer: Nathan D. Ide

Hearing Date: 01/10/2020

**FINDINGS AND ORDER**

**AFTER HEARING**

1. The matter proceeded as follows: ☐ Uncontested ☐ By stipulation ☒ Contested ☐ Ex Parte

2. ☐ Petitioner present          ☐ Attorney present (name):
   ☐ Respondent present        ☐ Attorney present (name):
   ☐ Other parent present      ☐ Attorney present (name):
   ☐ Other: _____    ☐ Attorney present (name):

3. *Only items included in this document apply to this order. Numbers may not be sequential.*
   ☒ All orders previously made in this action remain in full force and effect, except as specifically modified below.

4. **CHILD CUSTODY/VISITATION**
   ☐ This court has jurisdiction to make child custody orders in this case pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Family Code sections 3400 et seq.).
   ☐ The responding party was afforded notice of the proceedings and an opportunity to be heard as provided by the laws of the State of California.
   The country of habitual residence of the child/ren is ☐ the United States or ☐ Other: _____.
   ☐ Child abduction prevention orders are set forth in the Attachment.
   A violation of this order may subject the party in violation to civil or criminal penalties, or both.

   | Name of child | Date of Birth | Name of child | Date of Birth |
   |---|---|---|---|
   | | | | |
   | | | | |
   | | | | |

   ☐ Legal Custody of the minor child/ren is awarded to ☐ Petitioner ☐ Respondent ☐ Other parent ☐ Both parents jointly.
   ☐ Physical Custody of the minor child/ren is awarded to ☐ Petitioner ☐ Respondent ☐ Other parent ☐ Both parents jointly.
   ☐ Visitation/Parenting Plan is as set forth in the Attachment.

5. **NEXT HEARING DATE**
   ☐ The matter is set for Hearing on _____, 20_____, at ____:____ a.m./p.m. as to the issues of: _____

Page 1 of 3

FINDINGS AND ORDER AFTER HEARING
VF/PFL266906

FAM-001
Optional Form
Revised April 16, 2019

16.  **PROPERTY ORDERS**

a.  The exclusive use, possession and control of the following property that the parties own or are buying is as set forth below:

    Property Item                                           Possession to

b.  The ☐ Petitioner ☐Respondent ☐Other Party ☐Party In Possession of each listed item is ordered to make and keep current any and all loan payments for said items, as well as any insurance or property tax payments owed on any items.

c.  ☐These are temporary orders only. The court will make final orders at the time of Trial.

d.  ☐The automatic temporary restraining orders listed in the Summons remain in effect until further order of the court.

e.  ☐The court orders the sale of the items of property listed in the Attachment to Order, on the terms set forth in the Attachment to Order. The automatic temporary restraining orders listed in the Summons remain in effect as to all other assets and debts of the parties until further order of the court.

17.  **RESTRAINING ORDERS**
If this order is attached to or made pursuant to a Restraining Order request, the custody, visitation and support orders issued in this order remain in effect after the restraining order ends.

18.  **OTHER ORDERS**

a.  ☒ As set forth in the Attachment to Order.

b.  ☐ All documents attached hereto are incorporated into this order by reference.

19.  The parties declare and agree to the following:
Each party declares under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Petitioner: _____          Attorney: _____

Heather White

Respondent: _____        Attorney: _____

Kenneth Smith

Other Parent/Party: _____        Attorney: _____

**IT IS SO ORDERED:**

_____         January 10, 2020
JUDGE OF THE SUPERIOR COURT           DATE SIGNED
☐ John P. Bianco
☒ Nathan D. Ide
☐ Tara K. James
☐ Glade F. Roper
☐ _____

FINDINGS AND ORDER AFTER HEARING
VF___PFL266906_____

VCO-002-2016-O (Revised 3/23/2018)

VF_PFL266906

# ATTACHMENT TO ORDER

- Current order of child custody and visitation dated 01/01/2019 in case number PFL279814 shall remain in full force and effect with the following modifications:

  - Exchanges shall now take place at Bakersfield Police Dept on Truxton Ave.

  - There shall be a 30 minute grace period.

  - If Father locates Mother's personal belongings, he is ordered to bring them to the next exchange.

Page  3  of  3

FINDINGS AND ORDER AFTER HEARING

VF_PFL266906

VCO-002-2016-O (Revised 3/23/2018)

*Use this form if you are asking the court (not the BOP) for compassionate release from prison. Please make sure the form is typed or neatly written. Once you complete the form, mail it to the clerk of the United States District Court where you were sentenced.*

# UNITED STATES DISTRICT COURT
## FOR THE
## _____ DISTRICT OF Nevada

UNITED STATES OF AMERICA

Case No. 2:21-CR-00279-GMN-EJY
(write the number of your criminal case)

v.

Kenneth Earl Smith Jr

Write your full name here.

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**

(*Pro Se* Prisoner)

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☒ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

Text messages / cort orders

Page 1 of 6

## I.    SENTENCE INFORMATION

Date of sentencing:    _October, 16  2023_

Term of imprisonment imposed:    _63  months_

Approximate time served to date:    _70 %'_

Projected release date:    _January  5th  2025_

Length of Term of Supervised Release:    _3 Years_

Have you filed an appeal in your case?

☐ Yes

☒ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

☒ No

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☒ Yes, I submitted a request for compassionate release to the warden on
___04-13-24___.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

_____

Was your request denied by the Warden?

☐ Yes, my request was denied by the warden on (date):_____.

☒ No. I did not receive a response yet.

## III.   GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

## A. Are you 70 years old or older?

☐ Yes.

☒ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☒ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☐ Yes.

☒ No.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

☒ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

☐ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☒ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

☒ There are other extraordinary and compelling reasons for my release.

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

The mother of my 6-year old Son Zane has become unfit to properly care for him, due to drugs. My mom passed away and my father Kenneth Smith Sr has to work full time to maintain the house hold. My sister Kayla Smith is homeless in California with her child.

## IV.   ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☒ Yes | ☐ No | ☐ Yes | ☐ No |
| Additional medical information | ☐ Yes | ☒ No | ☐ Yes | ☐ No |
| Text messages | ☒ Yes | | ☒ Yes | ☐ No |
| Family court orders | ☒ Yes | | ☒ Yes | ☐ No |

## V.   REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☒ Yes

☐ No

## VI.   MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

05-08-2024
Date

_Kenneth Smith_ (signature)
Signature

Kenneth Smith
Name

69604509
Bureau of Prisons Register #

FPC Jesup
Bureau of Prisons Facility

2650 Hwy 301 South, Jesup, GA 31599
Institution's Address

Page 6 of 6

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## UNITED STATES DISTRICT COURT
## FOR THE
## _____ DISTRICT OF Nevada

UNITED STATES OF AMERICA

v.

**Case No.** 2:21-CR-00279-GMN-EJY
(write the number of your criminal case)

Kenneth Earl Smith Jr
Write your full name here.

### PROPOSED RELEASE PLAN
**In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)**

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

If you provide information in this document that you believe should not be publicly available, you may request permission from the court to file the document under seal. If the request is granted, the document will be placed in the electronic court files but will not be available to the public.

Do you request that this document be filed under seal?

☑ Yes

☐ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## PROPOSED RELEASE PLAN

To the extent the following information is available to you, please include the information requested below. This information will assist the U.S. Probation and Pretrial Services Office to prepare for your release if your motion is granted.

**A.  Housing and Employment**

Provide the full address where you intend to reside if you are released from prison:

627 Stoneharbor PKWY SW
Marietta, GA 30060

Provide the name and phone number of the property owner or renter of the address where you will reside if you are released from prison:

Kenneth Smith Sr
404-822-1673

Provide the names (if under the age of 18, please use their initials only), ages, and relationship to you of any other residents living at the above listed address:



If you have employment secured, provide the name and address of your employer and describe your job duties:

N/A


List any additional housing or employment resources available to you:

Full VA Benefits

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

**B. Medical needs**

Will you require ongoing medical care if you are released from prison?

☐ Yes

☒ No

Will you have access to health insurance if released?

☒ Yes

☐ No

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?

Veteran Affairs

If no, are you willing to apply for government medical services (Medicaid/Medicare)?

☒ Yes

☐ No

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

☐ Yes

☒ No

If yes, please include them with your motion. If no, where are the records located?

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

Are you currently prescribed medication in the facility where you are incarcerated?

☐ Yes

☒ No

If yes, list all prescribed medication, dosage, and frequency:

_____

_____

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

☐ Yes

☒ No

If yes, list equipment:

_____

_____

Do you require assistance with self-care such as bathing, walking, toileting?

☐ Yes

☒ No

If yes, please list the required assistance and how it will be provided:

_____

_____

Do you require assisted living?

☐ Yes

☒ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

If yes, please provide address of the anticipated home or facility and the source of funding to pay for it.

N/A

Are the people you are proposing to reside with aware of your medical needs?

☐ Yes

☒ No     N/A

Do you have other community support that can assist with your medical needs?

☒ Yes

☐ No     N/A

Provide their names, ages, and relationship to you. If the person is under the age of 18, please use their initials only:

Will you have transportation to and from your medical appointments?

☒ Yes

☐ No     N/A

Describe method of transportation:

Own Vehicle

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

05-08-2024
Date

Signature

Kenneth Earl Smith Jr
Name

69604509
Bureau of Prisons Register #

FPC Jesup
Bureau of Prisons Facility

2650 Hwy 301 South, Jesup, GA  31599
Institution's Address