JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
DANIEL J. COWHIG
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
702-388-6336
daniel.cowhig@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-279-CDS-EJY |
| Plaintiff, | **United States' Response to Defendant's Motion for Compassionate Release [ECF No. 99]** |
| v. | |
| KENNETH EARL SMITH, JR., | |
| Defendant. | |

Certification: While this response is timely under the Court's Minute Order at ECF No. 103, that Minute Order issued as a result of a failure to meet the prior deadline established by the Court's Order Appointing Counsel at ECF No. 102.

## INTRODUCTION

On May 14, 2024, defendant Kenneth Earl Smith, Jr., filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (3582 Motion).[1] ECF No. 99. Pursuant to Chief Judge Du's Second Amended General Order 2020-06 dated February 8, 2024, the Federal Public Defender ("FPD") filed a notice of non-supplementation on May

---

[1] Defendant Smith also relies on 18 U.S.C. § 4205. ECF No. 99 at 1. The chapter encompassing that statute was repealed effective November 1, 1987, as to offenses committed after that date. Pub. L. 98-473, Title II, § 23, Oct. 12, 1984, 98 Stat. 2031.

23, 2024.[2] ECF No. 101. The government hereby responds to Smith's *pro se* 3582 Motion. Because Smith does not establish an extraordinary and compelling reason for sentence reduction, and because the Section 3553(a) factors weigh against release, the 3582 Motion should be denied.

## STATUTORY FRAMEWORK

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). As the Supreme Court has recognized, finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Accordingly, it is well established that once a district court has pronounced sentence and the sentence becomes final, the court has no inherent authority to reconsider or alter that sentence. Rather, it may do so only if authorized by statute.

Section 3582(c)(1)(A), in pertinent part, authorizes a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," to "reduce the term of imprisonment (and [to] impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that

---

[2] "This suggests that the FPD's office has already screened the defendant's motion and determined that he is not eligible for a sentence reduction at this time." *United States v. Bickle*, 2023 WL 4421375, at *2 (D. Nev. July 10, 2023) (citation and internal quotation marks omitted).

2

they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that *such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The current version of the Sentencing Guidelines, as amended on November 1, 2023, contains a policy statement issued by the Sentencing Commission pertaining to inmate-filed early release motions. U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons or *the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . .") (emphasis added). As the Supreme Court has recognized, this policy statement is binding on the courts. *Dillon*, 560 U.S. at 826 ("A court must first determine that a reduction is consistent with [applicable policy statements] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."). The Sentencing Commission has limited what qualifies as "extraordinary and compelling reasons" under Section 3582(c)(1)(A) to only a narrow set of circumstances. *See* U.S.S.G. § 1B1.13(b).

A defendant bears the burden of proving that "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.").

# DISCUSSION

**A. Smith Does Not Establish an Extraordinary and Compelling Reason Warranting Relief.**

The 3582 Motion alleges a single ground for relief: sentence reduction is warranted because Smith needs to care for his minor son. The Sentencing Guidelines address this circumstance, stating that "[t]he *death or incapacitation* of the caregiver of the defendant's minor child" is an extraordinary and compelling reason for early release. U.S.S.G. § 1B1.13(b)(3)(A) (emphasis added). His 3582 Motion does not meet these requirements.

Smith does not establish that the caregiver for his son has died or is incapacitated. Although Smith checks a box in the boilerplate form included in the body of his 3582 Motion that alleges "[t]he caregiver of my minor child … has died or become incapacitated and I am the only available caregiver for my child," ECF No. 99 at 29, his adjacent handwritten explanation, cover page and attachments contradict those assertions, establishing that the caregiver of Smith's minor son is neither dead nor incapacitated, nor is she the only available caregiver. Smith writes: "[t]he mother of my 6-year old son [Z___] has become unfit to properly care for him due to drugs. My mom passed away and my father Kenneth Smith, Sr., has to work full time to maintain the household. My sister Kayla Smith is homeless in California with her child." *Id*. at 30 (redacted).

The cover page of Smith's 3582 motion alleges that:

> The defendant's minor son, [Z___ W___], is currently in the care of his mother, [H___ W___], who suffers from severe addiction and mental health issues, compromising her ability to care for him. Recent communications from Ms. [W___] indicate a deteriorating mental state, marked by threats of self-harm and erratic behavior, thereby placing [Z___]'s well-being at risk.

*Id*. at 2 (redacted). The cover page of Smith's 3582 motion goes on to allege that: "Ms. [W___]'s incapacity to care for [Z___] is exacerbated by her violation of the custody agreement by moving the child out of state, further destabilizing the child's living situation." *Id*.

To support his motion, Smith attaches among other materials undated text messages, apparently between the mother of his son and his father, *id*. at 4-7, and Child Custody and Visitation Orders dated in 2019 and 2020 issued in two distinct domestic violence cases in Superior Court of California in Tulare County, *id*. at 18-25.

Smith's allegations and limited evidence attack the fitness of the mother of his minor child to serve as a caregiver, but they neither assert nor establish that she has died or been incapacitated. The text exchanges appear to show a distraught woman seeking support from the family of the father of one of her children. *See, e.g., id*. at 4 ("I'm sleeping in a car with my 2 kids I need help"), 5 ("we need a room or a place to stay") and 6 ("can you take the kids for a little while"). The woman expresses despair, *id*. at 4 ("this life I'm living in is so f****d"), admits to using controlled substances, *id*. ("I won't lie to you I smoked meth again"), and threatens to harm herself and her children, *id*. at 6 ("this world is SOOO UGLY I WANNA TAKE ME AND MY KIDS OUT OF IT"). The woman's correspondent, presumably defendant Smith's father, declines to take custody of the children, *id*. ("I can't right now. I have work."), asks whether she intends to harm the children, *id*. ("You sound like you're talking about harming the kids."), asks the woman where she is and offers to contact law enforcement for help, *id*. at 4 and 7, and finally agrees to send her money, *id*. at 5 ("I'll Zelle you some money to last a few days."). While Smith's motion does not reveal the resolution of the crisis portrayed by the text exchanges,

it is evident from the motion itself that the children remain in the care of the mother of his son.

Furthermore, the custody orders Smith attached to his motion, issued after due process hearings in 2019 and 2020 at which Smith was afforded the opportunity to appear and be heard, granted the mother of defendant Smith's son sole physical custody. *Id*. at 19 and 25. Neither order portrays the mother of Smith's son as an unfit caregiver. *See id*. at 18-25. Contrary to the assertion in the cover page of Smith's motion, neither order prohibits the mother of Smith's son from taking the child beyond the boundaries of the State of California. *See id*.

Nowhere does the 3582 Motion establish that the mother of Smith's minor child is dead or incapacitated. Smith's bald assertion that the mother of his minor son, who by court order enjoys sole physical custody of the child, is incapacitated due to her alleged unfitness does not meet his burden. *See United States v. Newman*, 2024 WL 812041, at *2 (S.D. Ga. Feb. 27, 2024) (Hall, C.J.) ("conclusory statements are insufficient to carry his burden of persuasion" with regard to purported incapacity of family members). Even if Smith's allegations of unfitness are true, they do not establish incapacity. *United States v. Johnson*, 2020 WL 6075867, at *5 (E.D. Cal. Oct. 15, 2020) (although the defendant's child may be in juvenile dependency proceedings due to the unfitness of the other parent, the defendant "has failed to establish that he is likely to be found a 'suitable caretaker' for his child by the governing authorities"); *United States v. Burbidge*, 2019 WL 4863481, at *4 (D.N.D. Oct. 2, 2019) (two minor children in foster care is not extraordinary and compelling circumstance).

Moreover, several courts have found that when a prisoner fails to establish that he is the only or best person to care for his minor child, early release is not warranted. *See*

*United States v. Centeno-Morales*, 90 F.4th 274, 282 (4th Cir. 2024) (although his wife had died, defendant did not meet his burden to show that he was the only or best person to care for his minor child); *United States v. Carr*, 2020 WL 1815910 (D. Colo. Apr. 10, 2020) (denied as care is available for the defendant's minor children); *see also United States v. Alvarez-Barrera*, 2023 WL 2330779, at *4 (D.N.D. Mar. 2, 2023) ("The Defendant's request is to provide support for his 17-year old son who was in a tragic car accident in which the Defendant's grandchild and mother of that grandchild lost their lives. This tragic family circumstance does not warrant release when the inmate/defendant does not assert he was the only available caretaker for the minor child."); *United States v. Crocker*, 2020 WL 7079132, at *3 (D. Or. Dec. 1, 2020) ("[W]hen a defendant has not shown that he or she is the only available caretaker, compassionate release is not warranted.").

That the mother of Smith's minor child was granted sole physical custody of the child by court order, and Smith makes no offer of proof that he has played a significant role in the child's life, undermines his assertion that he would be the best or most appropriate caregiver. *See United States v. Azama*, 2024 WL 81384, at *2 n.3 (D. Nev. Jan. 5, 2024) (Navarro, J.) (the fact that the defendant has "not seen his now eight-year-old daughter since she was two months old . . . undercuts Defendant's contention he is an irreplaceable caregiver.")

When persons commit crimes, innocent people – frequently their own family members – often suffer the most. *United States v. McKenzie*, 636 F. Supp. 3d 892, 898 (E.D. Tenn. 2022) ("[T]he unhappy reality is that incarcerated people commonly leave innocent partners, parents, and children to fend for themselves as a result of criminal conduct.") (internal citation and quotation marks omitted); *United States v. Henareh*, 486 F. Supp. 3d 744, 749 (S.D.N.Y. 2020) ("[W]hen someone commits a serious crime and is caught, the

7

felon's family members are almost always among the primary victims of the result of his misconduct and suffer both financially and psychologically."). Smith's unavailability to support his family now is the direct consequence of his own criminal conduct, and his punishment was justly imposed. The fact remains that the mother of his minor child, who by court order enjoys sole physical custody of the child, is neither dead nor incapacitated. Furthermore, Smith is not the only available caretaker to his child. As such, granting relief on this ground would contravene the Sentencing Commission's policy statement, and relief is prohibited by Section 3582(c)(1)(A)(i).

**B.     The Section 3553(a) Factors Weigh Against Release.**

Setting aside the absence of a valid extraordinary and compelling reason for relief, the Section 3553(a) factors weigh against release. Smith pleaded guilty to 8 counts of Illegal Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and one count of Engaging in the Business Without a License (Firearms) in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D). ECF Nos. 83 and 94. Those crimes posed a substantial danger to the community. Smith trafficked more than 50 firearms, ECF No. 83 at 9:12, placing those weapons in the hands of persons whom he knew to be prohibited possessors, *id*. at 42:21-43:14. Many of the guns Smith trafficked were recovered in the possession of persons engaged in other crimes. *See, e.g.*, *id*. at 29:12-16 and 31:22-33:14. Moreover, Smith willfully obstructed justice. *See, e.g.*, *id*. at 17:10-19. Even after law enforcement agents formally warned Smith to cease trafficking in firearms, he continued to do so. *Id*. at 33:14-34:7.

Under 28 U.S.C. § 994(t), Smith's efforts at rehabilitation do not by themselves establish an extraordinary and compelling reason. *See United States v. Logan,* 2021 WL 1221481, at *8 (D. Minn. Apr. 1, 2021) (Schltiz, J.) ("Prisoners are *supposed* to follow the

rules, take classes, work at a job, and otherwise attempt to improve themselves"); *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) ("Taking classes while incarcerated is common rather than extraordinary.")

Smith received a substantial downward variance to a 63-month custodial sentence from an applicable custodial guideline range of 87 to 108 months, in part in recognition his lack of prior felony convictions. *Cf*. ECF No. 94 at 2 and ECF No. 86 at 26. Given the seriousness of his offenses and below-guideline sentence, a further sentence reduction would not "reflect the seriousness of the offense, [ ] promote respect for the law, and [ ] provide just punishment for the offense," 18 U.S.C § 3553(a)(2)(A), "afford adequate deterrence to criminal conduct," 18 U.S.C § 3553(a)(2)(B), or "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C § 3553(a)(6), especially considering the nature and circumstance of his offenses. Accordingly, the Section 3553(a) factors weigh against release, and the Court should alternatively deny the 3582 Motion for that reason.

## CONCLUSION

Smith fails to establish an extraordinary and compelling reason that warrants a sentence reduction and the 3553(a) factors weigh against his release. For those reasons, this Honorable Court should deny his 3582 Motion.

Respectfully submitted this June 12, 2024.

JASON M. FRIERSON
United States Attorney

 */s/ Daniel J Cowhig*
DANIEL J. COWHIG
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2024, I electronically filed the foregoing **United States' Response to Defendant's Motion for Compassionate Release [ECF No. 99]** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system. I further certify that I caused a true and correct copy to be sent to defendant via first-class mail, at the following address:

> KENNETH EARL SMITH, JR. 69604-509
> FCI JESUP
> FEDERAL CORRECTIONAL INSTITUTION
> SATELLITE CAMP
> 2650 HIGHWAY 301 SOUTH
> JESUP, GA 31599

Dated: June 12, 2024

*/s/ Daniel J Cowhig*
DANIEL J. COWHIG
Assistant United States Attorney