UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff<br><br>v.<br><br>Kenneth Earl Smith, Jr.,<br><br>        Defendant | Case No. 2:21-cr-00279-CDS-EJY<br><br>**Order Appointing Counsel for Smith, Denying Motion to Permit Him to File Electronically, and Advancing Hearing on Smith's Motion to Reconsider Order Modifying His Supervised Release Conditions**<br><br>[ECF Nos. 118, 121, 122, 124, 125] |

    Defendant Kenneth Smith, Jr. has filed several motions related to a recent modification to the conditions of his supervised released.[1] Having reviewed the pending motions, the court grants Smith's request for the appointment of counsel (ECF No. 120). Because I am appointing counsel for Smith, I deny his request for permission to file electronically (ECF No. 121). I further deny his emergency motion (ECF No. 122) because the request for modification was granted after Smith admitted to the violations, and the court is advancing the hearing to address Smith's concerns.

I.    Discussion

    On June 12, 2023, Smith pled guilty to eight counts of illegal acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), 18 U.S.C. § 924(a)(2); and one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 923(a) and 18 U.S.C. § 924(a)(1)(D). ECF No. 83. Smith was sentenced to sixty-three months of imprisonment, followed by three years of supervised release. ECF No. 94 at 2–3. In May of 2024, Smith moved for compassionate release (ECF No. 99), which I ultimately granted (ECF No. 109). An amended

---

[1] *See* Smith's motion for reconsideration (ECF No. 116), his motion to withdraw waiver of hearing (ECF No. 117), and his motion for appointment of counsel (ECF No. 118). I set a hearing on Smith's motions for April 21, 2025. Order setting hearing, ECF No. 119.

judgment was issued on November 6, 2024. Am. j., ECF No. 110. A notice of Smith's release was filed on November 14, 2024. ECF No. 111.

On March 20, 2025, Smith's probation officer filed a request for modification of his supervised conditions, seeking to add a home confinement with location monitoring for a period of ninety days to Smith's supervision conditions. ECF No. 112 at 2. That request for modification revealed that Smith failed to disclose in a timely fashion that he had been receiving disability checks from the Veterans Administration, and further that charges to Smith's bank account showed he traveled to Lancaster, CA between January 31, 2025, and February 2, 2025, without permission. *Id.* at 2. The modification also stated that Smith said he knew he was required to obtain permission before leaving the state. *Id.* Attached to the request for modification was a *Waiver of Hearing to Modify Conditions of Probation/Supervised Release* form 49, which stated that Smith had (1) been advised and understood he was entitled to a hearing and the assistance of counsel before any unfavorable change to his supervision consideration, (2) he voluntarily waived his right to a hearing and the assistance of counsel, and (3) agreed to modify the conditions of his supervised release to include the ninety-day home confinement with location monitoring program. *Id.* at 4. I granted the request for modification on March 21, 2025. ECF No. 115.

After I had signed the order granting the request for modification but before it was docketed, on March 20, 2025, Smith filed a "response" to the request for modification.[2] Resp., ECF No. 113. That same "response" was refiled on March 24, 2025 as a motion for reconsideration of my order granting modification (ECF No. 116), as well as a motion to withdraw his form waiving his right to a hearing and the assistance of counsel (ECF No. 117), and a motion for appointment of counsel (ECF No. 118). I set a hearing on the Smith's motions for April 21, 2025. Order setting hr'g, ECF No. 119. Then, on April 9, 2025, Smith filed a motion to strike the order granting the

---

[2] Smith filed a duplicate the following day. ECF No. 114.

modification (ECF No. 120), a motion to file electronically (ECF No. 121), and an emergency motion for expedited review of the motion to strike (ECF No. 122).[3]

Having review the pending motions, the court grants Smith's motion for appointment of counsel. As a result, I deny his motion for permission to electronically file. Further, although the motion pending at ECF No. 122 is not an emergency because the modification was granted after Smith admitted to the violation and signed form 49 voluntarily waiving his right to a hearing and to counsel, I nonetheless advance the hearing on Smith's remaining motions.

II.     Conclusion

IT IS THEREFORE ORDERED that Smith's motion for appointment of counsel **[ECF No. 118] is GRANTED**. The court **REAPPOINTS the Federal Public Defender** to represent the Smith in this matter.

IT IS FURTHER ORDERED that Smith's motion to file electronically at **[ECF No. 121] is DENIED**.

IT IS FURTHER ORDERED that Smith's emergency motion for expedited review **[ECF No. 122] is DENIED.**

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada must appear for the advanced hearing on Smith's motion for reconsideration, motion to withdraw waiver, and motion to strike, now set for **April 15, 2025 at 10:30 am.**

The Clerk of Court is kindly instructed to strike Smith's duplicate filings [ECF Nos. 114, 124, 125].

Dated: April 11, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] The next day, Smith filed a duplicate motion to file electronically (ECF No. 124), and duplicate emergency motion for expedited review of the motion to strike (ECF No. 125).