UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| United States of America, | Case No. 2:21-cr-00279-CDS-EJY |
|---|---|
| Plaintiff | **Order Denying Defendant's Motions** |
| v. | |
| Kenneth Earl Smith, Jr., | [ECF Nos. 131, 132, 133] |
| Defendant | |

On April 15, 2025, the court held a hearing to address several motions filed by supervisee Kenneth Smith, Jr. related to a recent modification to the conditions of his supervised release. Mins. of proceedings, ECF No. 134. At the conclusion of the hearing, I found that Smith had violated the conditions of his supervised release and that modification of his supervision conditions was appropriate, so I reimposed the requested modification of adding a curfew enforced by location monitoring. *See id.*; *see also* Order, ECF No. 129. I also granted in part Smith's motion for reconsideration (ECF No. 116), granted Smith's motion for withdrawal of his waiver (ECF No. 117), and denied Smith's motion to strike (ECF No. 120). ECF No. 129 at 2. Following that hearing, the Federal Public Defender's Office filed a motion to withdraw, citing a conflict of interest. Mot. to withdraw, ECF No. 128. That motion was granted (ECF No. 130), so Smith is currently unrepresented.

On April 21, 2025, Smith filed a motion asking this court to: (1) reassign his assigned probation officer, (2) maintain the current curfew condition without further modification, and (3) to refer his assigned probation officer for an "inquiry" or "sanction." Motion, ECF No. 131.[1]

---

[1] Local Rule IC 2-2(b) states that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Smith did not comply with this rule, so the Clerk's Office docketed this motion three times. For ease of reading, I only cite to, and resolve, ECF No. 131 herein. Smith is cautioned that even though he is pro se, he is required to know and
 (fn. cont...)

Having reviewed the pending motion and requested relief, I have determined that Smith does not need counsel at this time. And for the reasons set forth herein, I deny Smith's motion.

## Discussion

Liberally construing Smith's motion,[2] he asks this court to further amend the modifications of his supervised release conditions by requiring a new probation officer to be assigned to his case, arguing that continuing supervision by Officer McCarroll would be "prejudicial and unjust." ECF No. 131 at 2. Under 18 U.S.C. § 3603, Congress has granted probation officers broad statutory authority to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation. *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005). When the court determines whether a defendant must abide by a condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied. *Id.* This delegation includes which officer is assigned to supervise Smith. The court is not inclined to interfere with Probation's management and case-assignment decisions at this time, so this request is denied.[3]

Smith also asks that I maintain the curfew condition that was reimposed at the April 15, 2025 hearing. This request is moot. Smith's conditions of supervision are the order of the court unless and until there is another request for modification or violation report filed for the court's consideration.

Last, Smith asks that I refer Officer McCarroll's testimony to an "appropriate inquiry or sanction" because during the April 15, 2025 hearing, McCarroll testified that Smith was quiet when

---

follow the rules of the court, including the local rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Failure to comply with the rules may result in sanctions, including denying or striking any pending motion.

[2] Courts are directed to construe pro se pleadings liberally. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (internal citations and quotation marks omitted). Further, the "obligation to construe pro se filings liberally means courts must frequently look to the contents of a pro se filing rather than its form." *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020).

[3] The court also denies Smith request for a subpoena. *See* ECF No. 131 at 2. Under Federal Rule of Criminal Procedure 17, a subpoena may issue for a proceeding. *See* Fed. R. Crim. P. 17. Here, there is no proceeding pending.

he was confronted about violating the terms of his supervised release. ECF No. 131 at 2–3. Smith now claims that he has a recording from March 19, 2025, where Smith denied the allegations. *Id.* I liberally construe this request as one to reopen the April 15, 2025 hearing and decline this request. It is unclear why Smith did not mention any protestations, nor why he did not seek to introduce the alleged March 19 recording during the April 15 hearing, especially given that Smith testified and had the opportunity to do so. It is also unclear precisely what relief Smith seeking,[4] and Smith does not cite any points and authorities in support of any requested relief. The Local Rules of this District state that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Accordingly, Smith's motion to reopen the April 15, 2025 hearing is denied.

## Conclusion

IT IS THEREFORE ORDERED that Smith's motion to reassign probation officer [ECF No. 131] is DENIED.

IT IS FURTHER ORDERED that Smith's motion to maintain current curfew condition [ECF No. 132] is DENIED.

IT IS FURTHER ORDERED that Smith's motion for relief from false testimony [ECF No. 133] is DENIED.

Dated: April 24, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] The court also notes that it is not a repository for disputes between Smith and his probation officer. Nor is there is a pending proceeding, hearing, or other matter than would permit the court to receive, much less review, any alleged recording between Smith and McCarroll.

3