UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

        Plaintiff

v.

Kenneth Earl Smith, Jr.,

        Defendant

Case No. 2:21-cr-00279-CDS-EJY

**Order Denying Appeal of Magistrate Judge's Order**

[ECF No. 139]

      Supervisee Kenneth Smith, Jr. filed an objection to United States Magistrate Judge Elayna J. Youchah's order denying his motion to reassign his supervising officer.[1] Order, ECF No. 138; Obj., ECF No. 139. For the reasons set forth herein, the objection is overruled, therefore the appeal is denied, and Judge Youchah's order is affirmed in full.

**I.   Relevant background information**

      On April 24, 2025, I denied Smith's motions to (1) reassign his assigned probation officer, (2) maintain the current curfew condition without further modification, and (3) to refer his assigned probation officer for an "inquiry" or "sanction." Order, ECF No. 135. As explained in that order:

> Under 18 U.S.C. § 3603, Congress has granted probation officers broad statutory authority to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation. *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005). When the court determines whether a defendant must abide by a condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied. Id. This delegation includes which officer is assigned to supervise Smith. The court is not inclined to interfere with Probation's management and case-assignment decisions at this time, so this request is denied.

*Id.* at 2.

---

[1] The magistrate judge's at-issue ruling is an order on a motion, not a recommendation, and thus must be appealed. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). Compare LR IB 3-1(a) with LR IB 3-2(b). Although properly filed as an objection, it as an appeal, therefore I apply the clearly erroneous standard of review.

Then, on August 4, 2025, Smith filed a renewed motion asking the court to direct the United States Probation Office to reassign his supervising officer. Mot. to reassign, ECF No. 137. Therein, Smith advised that he filed a civil action against his supervising officer which has created "an untenable supervisory relationship between Defendant and Officer McCarroll . . . ." *Id.* at 1. Smith cited 18 U.S.C. § 3603 to support his argument that the court has permission to grant the relief he requested. *Id.* at 2.

Judge Youchah denied Smith's renewed motion to reassign, finding that the motion is an attempt to relitigate the motion for reassignment I already denied, and further, that neither the plain language nor any authority supports Smith's argument that 18 U.S.C. § 3603 gives the court inherent authority to order the United States Probation Officer to assign any particular officer to oversee an individual supervisee. *See* Order, ECF No. 138. Smith filed an objection to that order and now challenges the order I issued back in April denying the same requested relief. *See* ECF No. 139.

As threshold matter, I construe the objection as inclusive of a motion for reconsideration of my April 24, 2025. This request is improper for two reasons. First, the motion is untimely, as that order was issued almost four months ago and violates a basic requirement of seeking reconsideration by repeating arguments already presented in the motion. *See* D. Nev. Local Rule 59-1(b) and (c) (in seeking reconsideration "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions" and "[m]otions for reconsideration must be brought within a reasonable time. Lack of diligence or timeliness may result in denial of the motion."). Second, Smith's filing of the motion for reconsideration and the objection together violates Local Rule 2-2. *See* LR 2-2 (requesting two forms of relief in one filing violates the Local Rule 2-2 which requires that "[f]or each type of relief requested or purpose of the document, a separate document must be filed"). I could deny the request on this basis alone, but I nonetheless consider Smith's objection because the reconsideration motion is related to the objection, and the end result is the same.

Where, as here, a magistrate judge issues an order regarding a non-dispositive matter, any party may seek review by filing specific objections to the order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule (LR) IB 3-1. The district judge in the case must consider timely filed objections, but the court cannot modify or set aside any part of the order unless it is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a); *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1041 n.4 (9th Cir. 2010). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). A magistrate judge's order is "contrary to law" if the order applies the incorrect legal standard or misapplies applicable law. *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008); *see also UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.").

Smith fails to demonstrate that Judge Youchah's order is clearly erroneous or is contrary to law. Indeed, Judge Youchah correctly noted that 18 U.S.C. § 3603 does not gives the court inherent authority to order the United States Probation Officer to assign any particular officer to oversee an individual supervisee, and Smith does not cite to any points and authorities suggesting otherwise. Smith cites heavily to 18 U.S.C. § 3602, which addresses the appointment of probation officers, and 18 U.S.C. §3603, which sets for the duties of a probation officer. *See* ECF No. 139 at 3; 18 U.S.C. §§ 3602(a) and 3603(10). But as noted in my April 24 order, it is Congress that "has granted probation officers broad statutory authority to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation," that the court delegates to probation officers "the details of where and when the [supervised release] condition[s] will be satisfied, and that the court further delegates the decision as to which officer will supervise which defendant to the Probation Office." Order, ECF No. 135 at 2 (citing *Stephens*, 424 F.3d at 880). Absent extraordinary

circumstances, the court will not interfere with how Probation manages its office. Smith's self-created conflict is not an extraordinary circumstance warranting this court to remove an officer.[2]

## II. Conclusion

IT IS HEREBY ORDERED that Smith's motion for reconsideration is **DENIED**.

IT IS FURTHER ORDERED that Smith's appeal of Judge Youchah's order **[ECF No. 139] is DENIED**, therefore the order **[ECF No. 138] is affirmed and adopted in full.**

Dated: August 15, 2025

Cristina D. Silva
United States District Judge

---

[2] This is not to say Smith is not entitled to file suit if he believes his rights have been violated, as he is certainly entitled to do so. This statement is solely directed at the specific relief requested by Smith in his renewed motion to reassign: without more, merely filing a lawsuit does not justify or entitle a supervisee to the reassignment of their supervising officer.

4